UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 5:23-cv-00288-TJC-PRL

JONATHAN CASTIGLIA,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

SOCIAL FINANCE, INC.,

    Defendant.
_____/

### DEFENDANT SOCIAL FINANCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

NOW COMES Defendant, improperly named as Social Finance, Inc. ("SoFi"),[1] and for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"), states as follows:

### NATURE OF THE ACTION

1. SoFi admits that Plaintiff purports to bring this action for alleged violations of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, but denies that it violated the FTSA, denies that it is liable to Plaintiff, and denies that Plaintiff has suffered any damages as a result of SoFi's acts or omissions. SoFi denies any remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] Social Finance, Inc. is not the correct defendant and reserves any and all defenses related to Plaintiff's failure to name the proper entity.

2. SoFi denies the allegations contained in Paragraph 2 of the Complaint.

3. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint. SoFi denies that Plaintiff or the putative class members have standing to pursue their claims.

4. SoFi admits that Plaintiff seeks injunctive relief and damages but denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 4 of the Complaint.

## PARTIES

5. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. SoFi responds that the allegations contained in Paragraph 6 of the Complaint call for a legal conclusion as to whether Plaintiff is a "called party" under the FTSA and thus no response is required. To the extent a response is required, denied.

7. SoFi responds that the allegations contained in Paragraph 7 of the Complaint call for a legal conclusion as to whether SoFi is a "telephone solicitor" under the FTSA and thus no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

8. SoFi denies that subject matter jurisdiction exists and denies any remaining allegations contained in Paragraph 8 of the Complaint. As set forth in

SoFi's Motion to Compel Arbitration filed contemporaneously herewith, SoFi submits that this action should be compelled to arbitration on an individual basis.

9. SoFi denies that personal jurisdiction exists and denies any remaining allegations contained in Paragraph 9 of the Complaint. As set forth in SoFi's Motion to Compel Arbitration filed contemporaneously herewith, SoFi submits that this action should be compelled to arbitration on an individual basis.

10. SoFi denies that Venue is this District is proper and denies any remaining allegations contained in Paragraph 10 of the Complaint. As set forth in SoFi's Motion to Compel Arbitration filed contemporaneously herewith, SoFi submits that this action should be compelled to arbitration on an individual basis.

## FACTS

11. SoFi admits that Plaintiff provided his prior express permission and invitation to receive telemarketing text messages from SoFi and therefore any text messages sent to Plaintiff were authorized. SoFi further responds that whether the text messages shown in Paragraph 11 of the Complaint constitute "advertisements regarding its goods and services" calls for a legal conclusion to which no response is required. To the extent a response is required, denied. SoFi denies the remaining allegations of Paragraph 11 of the Complaint.

12. SoFi responds that the allegations contained in Paragraph 12 of the Complaint call for a legal conclusion as to whether the text messages shown in Paragraph 11 of the Complaint constitute "telephone solicitations" under the FTSA and thus no response is required. To the extent a response is required, denied.

13. The allegations contained in Paragraph 12 of the Complaint call for a legal conclusion as to whether the text messages shown in Paragraph 11 of the Complaint constitute "telephone solicitations" under the FTSA and thus no response is required. To the extent a response is required, denied.

14. SoFi lacks sufficient information to admit or deny whether Plaintiff is the regular user of the telephone number that received the text messages shown in Paragraph 11 of the Complaint and therefore denies the same.

15. SoFi lacks sufficient information to admit or deny whether Plaintiff utilizes his cellular number for personal purposes and therefore denies the same. SoFi further responds that whether Plaintiff's number is a "residential telephone line" constitutes a legal conclusion and thus no response is required. To the extent a response is required, denied.

16. SoFi lacks information sufficient to admit or deny whether Plaintiff was in Florida when he received the text messages shown in Paragraph 11 of the Complaint, and therefore denies the same. SoFi denies that it engaged in any unlawful conduct. SoFi denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. SoFi admits that in certain circumstances it maintains records of its communications with consumers, but otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18. SoFi responds that whether the text messages shown in Paragraph 11 of the Complaint were sent using an "automated system for the selection or dialing of

telephone numbers," as set forth in the FTSA, constitutes a legal conclusion to which no response is required. To the extent a response is required, denied. SoFi denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. SoFi denies the allegations contained in Paragraph 19 of the Complaint.

20. SoFi admits that it was not required to and did not need to send messages to Plaintiff and the putative class members. SoFi denies the allegations contained in Paragraph 20 of the Complaint.

21. SoFi admits that it can conduct business without sending text messages to consumers. SoFi denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. SoFi admits that obtaining the proper consent allows SoFi to send automated text messages to consumers under the FTSA. SoFi denies that it failed to obtain the requisite consent or that it otherwise violated the FTSA. SoFi further states that it complies with the FTSA.

23. SoFi admits that utilizing a non-automated text messaging system would be one way to comply with the FTSA. SoFi also admits that it complies with the FTSA. SoFi denies that it sent text messages to consumers without consent using an "automated system for the selection or dialing of telephone numbers," or that it otherwise violated the FTSA.

24. SoFi admits that it is possible to comply with the FTSA. SoFi also admits that it complies with the FTSA.

25. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29. SoFi denies that it violated the FTSA. SoFi lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30. SoFi denies the allegations contained in Paragraph 30 of the Complaint.

31. SoFi denies the allegations contained in Paragraph 31 of the Complaint.

32. SoFi denies the allegations contained in Paragraph 32 of the Complaint.

33. SoFi denies the allegations contained in Paragraph 33 of the Complaint.

34. SoFi denies the allegations contained in Paragraph 34 of the Complaint.

35. SoFi admits that any text messages SoFi sent to Florida consumers complied with the FTSA and denies the remaining allegations in Paragraph 35 of the Complaint.

36. SoFi denies that it sent unsolicited text messages. SoFi lacks information sufficient to admit or deny the allegations of purported harm contained in Paragraph

36 of the Complaint. SoFi denies that Plaintiff or the putative class members have standing to pursue their claims.

## CLASS ALLEGATIONS

### PROPOSED CLASS

37. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 37 of the Complaint.

38. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies the same.

### NUMEROSITY

39. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 39 of the Complaint.

40. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 40 of the Complaint.

### COMMON QUESTIONS OF LAW AND FACT

41. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 41(a)–(c) of the Complaint.

42. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 42 of the Complaint.

### TYPICALITY

43. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 43 of the Complaint.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

44. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff

or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 44 of the Complaint.

**SUPERIORITY**

45. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 45 of the Complaint.

46. SoFi admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claimed or relief sought in the Complaint. SoFi denies any remaining allegations of Paragraph 46 of the Complaint.

## COUNT I
## VIOLATION OF FLA. STAT. 501.059
### (On Behalf of Plaintiff and the FTSA Class)

47. SoFi repeats its answers to paragraphs 1–42 above as though fully set forth herein.

48. SoFi answers that the FTSA speaks for itself and denies any allegations contained in Paragraph 48 of the Complaint that is consistent therewith. SoFi denies that it violated the FTSA.

49. SoFi answers that the FTSA speaks for itself and denies any allegations contained in Paragraph 49 of the Complaint that is consistent therewith. SoFi denies that it violated the FTSA.

50. SoFi answers that the FTSA speaks for itself and denies any allegations contained in Paragraph 50 and Paragraphs 50(1)–(4)(a)–(b) of the Complaint that is consistent therewith. SoFi denies that it violated the FTSA.

51. SoFi denies the allegations contained in Paragraph 51 of the Complaint.

52. SoFi denies the allegations contained in Paragraph 52 of the Complaint.

53. SoFi denies the allegations contained in Paragraph 53 of the Complaint.

54. SoFi lacks information sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint. SoFi denies that Plaintiff or the putative class members have standing to pursue their claims.

55. This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, SoFi denies that Plaintiff is entitled to the relief sought.

## AS TO THE PRAYER FOR RELIEF

This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, SoFi denies that Plaintiff is entitled to the relief sought.

## AS TO THE JURY DEMAND

SoFi denies that this action should proceed before a jury.

## AFFIRMATIVE DEFENSES

SoFi states the following defenses to Plaintiff's Complaint, without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiff, and reserving the right to amend or supplement its responses to Plaintiff's allegations and SoFi's defenses as additional information is obtained through the discovery process or otherwise.

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff lacks Article III standing to bring this action and to represent any purported class because he did not suffer an injury-in-fact as a result of SoFi's alleged conduct.

### Third Defense

Plaintiff's claims fail or are otherwise barred, in whole or in part, because Plaintiff provided prior express permission or invitation to receive telemarketing calls and text messages from SoFi.

### Fourth Defense

Plaintiff's claims fail or are otherwise barred, in whole or in part, as a result of the recent amendments to the FTSA, which narrow the scope of what is considered an automated dialer and require plaintiffs to text "Stop" before bringing a lawsuit based on unsolicited text messages under the FTSA. The amendments to the FTSA are

retroactive to any pending putative class action in which the class has not yet been certified.

### Fifth Defense

Plaintiff's claims are subject to arbitration, as set forth in SoFi's Motion to Compel Arbitration filed contemporaneously herewith, and thus Plaintiff should be required to arbitrate his claims on an individual basis.

### Sixth Defense

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, because any alleged injuries were not caused by SoFi, but were caused by negligent or intentional acts or omissions of Plaintiff, the putative class members, or third parties, or were caused by superseding or intervening events outside the control SoFi.

### Seventh Defense

Plaintiff's and the putative class members' claims are barred, in whole or in part, as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

### Eighth Defense

To the extent there was any violation of the FTSA, which SoFi denies, such violation(s) were not knowing and willful because SoFi did not willfully or knowingly contact Plaintiff or putative class members without prior express consent, because SoFi acted in good faith and without malice, or because SoFi established and implemented reasonable practices, and procedures to effectively prevent violations of the FTSA.

### Ninth Defense

SoFi is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, SoFi reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

WHEREFORE, SoFi respectfully requests that this Court enter judgment in SoFi's favor, dismiss the Complaint with prejudice, award SoFi all costs and fees incurred herein, and order such further relief this Court deems just, necessary, and appropriate.

Dated: June 12, 2023

Respectfully submitted,

By: */s/ Sara F. Holladay*
Sara F. Holladay
Florida Bar No. 0026225
Kathleen D. Dackiewicz
Florida Bar No. 1003294
sholladay@mcguirewoods.com
kdackiewicz@mcguirewoods.com
clambert@mcguirewoods.com
flservice@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3224 | (904) 798-3207 (fax)

K. Issac deVyver (pro hac to be filed)
McGuireWoods LLP
kdevyver@mcguirewoods.com
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
Telephone: (412) 667-7988
Facsimile: (412) 831-8764

*Attorneys for Defendant Social Finance, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was furnished by E-mail on June 12, 2023, to the following:

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
mhiraldo@hiraldolaw.com

Rachel Dapeer, Esq.
Dapeer Law, P.A.
20900 NME 30th Ave., Suite 417
Aventura, FL 33180
rachel@dapeer.com

*Attorneys for Plaintiff Jonathan Castiglia*

                                       */s/ Sara F. Holladay*